(54 Misc. 238)

WILLIS v. THOMPSON–STARRETT CO.

(Supreme Court, Appellate Term.   May 16, 1907.)

1. MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANT—NEGLIGENCE.
     An employé of defendant, while engaged in clearing away débris from around a pillar that was being incased in brick, was injured by being struck by a brick knocked off a scaffold by one of the bricklayers working above him. *Held*, that the injury was due to the negligence of a fellow servant, for which defendant was not liable.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 488.]

**2. SAME—ACTION—ADMISSIBILITY OF EVIDENCE.**

Where an employé was injured by a brick falling from a scaffold, and it was the act of a fellow servant, and not a defect in the scaffold, that caused the brick to fall, evidence that the scaffold was improperly constructed was not admissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 920.]

**3. SAME—ASSUMPTION OF RISK—DANGERS INCIDENT TO NATURE OF WORK.**

Where an employé was engaged in clearing away débris around a pillar that was being incased in brick, and knew that bricklayers were working above him on a scaffold, he assumed the risk incident to his employment, and cannot recover for injuries caused by being struck by a falling brick.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 550.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Michael J. Willis against the Thompson-Starrett Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.
Edward J. Gavegan, for respondent.

GILDERSLEEVE, P. J. There is no dispute about the facts in this case. The plaintiff, with others, was a laborer in the employ of the defendant in the subcellar of a building then in course of construction. He was engaged in clearing away the débris from around the base of a pillar that was being incased in brick. Two or more bricklayers in the defendant's employ were laying brick around the pillar, or "pier," as it was called. The bricklayers were upon a scaffold about 13 feet above where the plaintiff was at work. One side of the scaffold was four planks wide, each plank about 8 inches in width; but on the side of the pier over where the plaintiff was at work there were but two planks of that width. A brick fell from this scaffold, striking the plaintiff on the head, causing the injuries complained of, and for which the plaintiff had a judgment. The accident is described in this way by the only witness other than the plaintiff:

"We had worked the night before on this pier, and the next morning when we started to work it was dark there, and it seems this mortar board had been shifted, and it was about three feet away, and we went up there in the morning before the electric light was turned on, and the end of this tub struck the brick when I reached for it, and I seen this fellow standing down there, and, of course, I hollered to him, and I tried to save the brick; but it fell down, and I saw it strike him on the head."

The foreman of the defendant directed the plaintiff to work in the place where he was engaged when he was hit by the brick, and that there were bricklayers at work over him he well knew, as he testified that he had been "working around there for several days" prior to the accident, and that at the time he was hurt at least two men were working over him. The immediate cause of the accident was clearly

the negligent act of a fellow servant, for which the defendant was not liable under the circumstances detailed in the testimony.

The respondent urges that the scaffold was improperly constructed. The testimony upon that question was improperly admitted over the objection of the defendant; but, assuming that it was not of the usual width on the side from which the brick fell, the brick did not fall from that cause, but by reason of the push given it by the co-servant of the plaintiff. The knowledge of the plaintiff, when he engaged in the work, that the workmen were over him laying brick, and the absence of proof that there was any assurance of safety given him, leads to the inference that he assumed the risk incident to his employment, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.